IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

PIERRE CUNNINGHAM,
    Plaintiff,

v.                                                         Civil No. 3:20cv214(DJN)

STU OFFICER BATEMAN, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Plaintiff Pierre Cunningham ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. (ECF No. 1.) In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In his current Complaint, Plaintiff does not identify the particular constitutional right that was

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

violated by each defendants' conduct. Plaintiff's current rambling allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Accordingly, by Memorandum Order entered on August 26, 2020, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 12.) The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the August 26, 2020 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the August 26, 2020 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 19, 2020